UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JEREMY JOSEPH SIMMONS, | ) | CASE NO. C07-1495-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| [UNNAMED], | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition challenging his March 2003 conviction for robbery in the first degree with a firearm enhancement. On February 4, 2008, the Court issued an Order declining to serve the petition and granting Petitioner leave to submit an amended petition within thirty days, warning him that the Court would recommend dismissal of his case if no amended petition were filed. On February 21, 2008, the Order was returned in the mail as undeliverable. To date, the Court has not received an amended petition from petitioner. Accordingly, for the reasons described below, the Court recommends dismissal of petitioner's habeas petition.

REPORT AND RECOMMENDATION
PAGE -1

01    First, Petitioner's petition failed to name the person having custody over the prisoner. See Rule 2(a), 28 U.S.C. foll. § 2254; Fed. R. Civ. P.82(a)(2); *Stanley v. California Supreme Court*, 21 F.3d 891, 894 (9th Cir. 1996). A petitioner's failure to name his or her custodian as a respondent deprives the district court of jurisdiction. See *Stanley*, 21 F.3d at 360. Because petitioner's proposed § 2254 petition fails to name a respondent, the Court lacks personal jurisdiction to consider his habeas petition.

    Second, it does not appear that petitioner has exhausted his state remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993). In this case, petitioner indicates that he did not seek further review by a higher court after the Washington State Court of Appeals, Division One, upheld his conviction on appeal. (Proposed § 2254 Petition, 2)

    Third, at least sixty (60) days prior to this date of this Report and Recommendation, mail directed by the Clerk to petitioner was returned by the Post Office. Petitioner has not notified the Court of his current address. Thus, pursuant to Local Rule CR 41(b)(2), the Court may dismiss the action without prejudice for failure to prosecute.

    In failing to file an amended petition, petitioner failed to remedy the deficiencies outlined above and in the Court's previous order. Accordingly, the Court recommends dismissal of this action without prejudice. A proposed Order of Dismissal accompanies this Report and

REPORT AND RECOMMENDATION
PAGE -2

Recommendation.

DATED this 22nd day of April, 2008.

　　　　　　　　　　　　/s/ Mary Alice Theiler
　　　　　　　　　　　　Mary Alice Theiler
　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3